In the Matter of MILFORD W. GRAVES, Petitioner, against PAUL P. BRENNAN et al., Constituting the Municipal Civil Service Commission of the City of New York, et. al., Respondents.

Supreme Court, Special Term, New York County, September 8, 1950.

*Fred G. Morritt* for petitioner.

*John P. McGrath, Corporation Counsel* (*Michael J. Kilcommons* of counsel), for respondents.

DICKSTEIN, J. This application under article 78 of the Civil Practice Act, presents the construction of section 6 of article V of the New York State Constitution which deals with veterans' preferences. The facts are not in dispute. Practitioner, an honorably discharged veteran of World War II, successfully competed in an examination for railroad clerk in the board of transportation. He was thereupon appointed to the position subject to an investigation of his claim for veterans' preference. The civil service commission reported that petitioner was not entitled to such preference because he was not a resident of New York State at the time of his induction into the armed

forces. Since petitioner's claim for a veteran's preference was denied, his provisional appointment was revoked and he was restored to the eligible list.

The petition alleges that petitioner was inducted into the armed forces of the United States on March 25, 1941, at which time he resided in New Jersey; and that on October 4, 1941, before the beginning of the war, he became a resident of the city and State of New York.

Section 6 of article V of the Constitution provides for a veteran's preference for a member of the armed forces, who had been honorably discharged, and '' who served therein in time of war, who is a citizen and resident of this state and was a resident at the time of his or her entrance into the armed forces of the United States ''.

Petitioner urges that the provision with respect to '' the time of * * * entrance into the armed forces '' must be construed as no earlier than December 7, 1941, the date of the outbreak of hostilities. While this may have been a logical point of departure, this court must read the constitutional provision as it was enacted, and not as it might more satisfactorily have been written. The language '' time of * * * entrance into the armed forces of the United States '' is clear and unambiguous, and this court cannot distort its meaning to include petitioner's interpretation that '' time of * * * entrance '' into service should be related to the '' time of war ''.

At the '' time of * * * entrance '' into the service, petitioner was not a resident of New York State. He is therefore not entitled to a veteran's preference under section 6 of article V of the Constitution, although he became such a resident before the outbreak of the war on December 7, 1941.

The motion is denied, and the petition is dismissed, without costs. Settle order.